UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
                                     :

DEBRA KRAMER AS TRUTEE OF THE    :
ESTATE OF SHAHARA KHAN,          :

                                     :        **MEMORANDUM AND ORDER**
                 Plaintiff,     :        12-MC-794 (DLI)
          -against-       :

                                     :
TOZAMMEL H. MAHIA,          :
KARAMVIR DAHIYA,          :

                                     :
              Defendants.    :
--------------------------------------------------------x
                                     :

DEBRA KRAMER AS TRUTEE OF THE    :
ESTATE OF SHAHARA KHAN,          :

                                     :        12-MC-832 (DLI)
                 Plaintiff,     :
          -against-       :

                                     :
TOZAMMEL H. MAHIA,          :

                                     :
             Defendant.    :
--------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

      Before the Court are two motions to withdraw the reference to the U.S. Bankruptcy Court

for the Eastern District of New York ("Bankruptcy Court") made by Tozammel H. Mahia

("Defendant") and his defense counsel, Karamvir Dahiya ("Dahiya"), pursuant to 28 U.S.C. §

157(d), Rule 5011 of the Federal Rules of Bankruptcy Procedure, and Rule 5011-1 of the Local

Bankruptcy Rules for the Eastern District of New York.  On November19, 2012, Defendant and

Dahiya moved to withdraw the reference to the Bankruptcy Court of a motion for sanctions

brought against Dahiya and his firm, Dahiya Law Offices LLC, ("sanctions motion") in *Debra*

*Kramer v. Tozammel H. Mahia*, 11-AP-1520 (ESS), an adversary proceeding pending in the

1

Bankruptcy Court.[1]  (Doc. Entry No. 1, 12-MC-794.)  On December 5, 2012, Defendant filed a separate motion to withdraw the reference to the Bankruptcy Court of the adversary proceeding itself.  (Doc. Entry No. 1, 12-MC-832.)[2]  The Trustee opposes both motions.  (*See* Trustee's Jan. 4, 2013 Response to Defendant's Motions to Withdraw the Reference ("Trustee Opp. Mem."), Doc. Entry No. 7, 12-MC-794, Doc. Entry Nos. 5, 7, 8, 12-MC-832.)  On April 10, 2013, Dahiya, on behalf of Defendant, filed an Order to Show Cause in this Court for a preliminary injunction to stay the adversary proceeding in the Bankruptcy Court and enjoin the Bankruptcy Court's March 11, 2013 order imposing sanctions against Dahiya, pending the determination of the motions for withdrawal of reference.  (*See* Doc. Entry No. 11, 12-MC-794.)

For the reasons set forth below, Defendant's and Dahiya's motions for withdrawal of reference are denied and the two matters are dismissed.  In addition, because the motions for withdrawal of reference are denied, and the preliminary injunction seeks a stay of the Bankruptcy Court's Sanction Order pending the resolution of the withdrawal of reference motions, the preliminary injunction motion is denied as moot.[3]

## BACKGROUND

On December 3, 2011, Debra Kramer ("Trustee"), in her role as trustee of the bankruptcy estate of Shahara Khan (the "Debtor"), filed an adversary proceeding in Bankruptcy Court to recover alleged fraudulent conveyances from Defendant, the Debtor's son.  (*See* Trustee Opp.

---

[1] The adversary proceeding is related to the underlying Chapter 7 bankruptcy proceeding *In re Shahara Khan*, 10-BK-46901 (ESS).

[2] The matter was originally assigned to the Hon. Roslynn R. Mauskopf, U.S. District Judge.  On January 9, 2013, the matter was reassigned to the instant presiding judge as related to the matter *Kramer v. Mahia, et al.*, 12-MC-794 (DLI).  (*See* Order of Jan. 9, 2013 by the Hon. Carol B. Amon, Chief Judge of the U.S. District Court for the Eastern District of New York, 12-MC-832.)

[3] Moreover, even if the Court were to reach the merits of the preliminary injunction motion, as the arguments raised in support thereof are the same as those raised in the withdrawal of reference motions, the preliminary injunction motion would be denied for the same reasons set forth herein below.

Mem. ¶ 1, Ex. A, Complaint.)  The Trustee alleges that Defendant, the Debtor, and a third party each held a one-third interest in real property located in Richmond Hills, New York and, upon the sale of the property, Defendant received all the net proceeds while Debtor did not receive any proceeds.  (*Id.*, Ex. A, Complaint ¶¶ 11-15.)

After Defendant initially defaulted by not answering the complaint, he retained Dahiya as counsel.  (Trustee Opp. Mem. ¶ 3.)  The Bankruptcy Court granted Defendant an extension of time, *nunc pro tunc* to January 31, 2012, to file an answer.  (*Id.* ¶ 26.)  A week after the deadline, Dahiya filed an answer and counterclaims on behalf of Defendant against the Trustee and demanded a jury trial.  (*Id.* ¶ 3, Ex. C, Answer.)  The counterclaims alleged abuse of process, constitutional torts, that the Trustee failed to investigate properly before bringing the adversary proceeding, and acted "deliberately, maliciously, and oppressively" to intimidate and injure the Debtor's family.  (*Id.*, Ex. C, Answer ¶¶ 22-29.)  In addition, as part of the counterclaims, Defendant requested: an injunction barring the Trustee from bringing actions against a debtor's family unless she first demonstrates probable cause; that this requirement be incorporated into the Local Bankruptcy Rules for this District; and that the United States Trustee Office investigate whether lawsuits by panel trustees are abusive.  (*Id.*, Ex. C., Answer at 6-7.)

As Dahiya previously had brought similar counterclaims against Ms. Kramer and other trustees, on March 24, 2012, the Trustee responded to the counterclaims by moving for sanctions against Dahiya pursuant to 28 U.S.C. § 1927 and 11 U.S.C. § 105.  (*See* Trustee Opp. Mem. ¶ 4, Ex. D.)  The Trustee asserted the counterclaims were baseless, made in bad faith, protracted the adversary proceeding, and caused her to incur additional legal fees and increased malpractice and liability insurance premiums.  *Id.*  Between April 2012 and November 2012, the Bankruptcy Court granted Defendant numerous adjournments of the evidentiary hearing on the sanctions

motion and encouraged Dahiya to obtain counsel.  During this period, Defendant relieved and then re-hired Dahiya as counsel, and Dahiya missed several deadlines to file his prehearing statements on the sanctions motion, hired and fired counsel, and reneged on a tentative settlement that the parties had placed on the record.  (*Id.* ¶¶ 6-10.)  When Dahiya advised the Bankruptcy Court that he was having personal issues and was unable to defend himself, the Bankruptcy Court emphasized the serious nature of the sanctions motion and implored him to seek help from a bar associations' lawyer's assistance program and retain counsel.  (*See* Transcript of June 13, 2012 Bankruptcy Court Hearing ("June 13, 2012 Tr.") at 23:25-24:9, 26:18-24, 38:19-25, Doc. Entry No. 9, Ex. 1, 12-MC-794 and 12-MC-832.)  Nowhere in the record does it appear that Dahiya pursued the Bankruptcy Court's suggestions.

On November 19, 2012, Defendant and Dahiya moved this Court to withdraw the reference of the sanctions motion.  (Doc. Entry No. 1, 12-MC-794.)  On November 30, 2012, the Bankruptcy Court held an evidentiary hearing on the sanctions motion, at which Dahiya refused to participate.  (Trustee Opp. Mem. ¶ 12; Transcript of Nov. 30, 2012 Bankruptcy Court Evidentiary Hearing on Motion for Sanctions, Doc. Entry No. 9, Ex. 2, 12-MC-794 and 12-MC-832.)  On December 5, 2012, Defendant filed a separate motion in this Court to withdraw the reference of the adversary proceeding.  (Doc. Entry No. 1, 12-MC-832.)  On March 11, 2013, the Bankruptcy Court found Dahiya had acted in bad faith by bringing counterclaims against the Trustee that lacked a colorable basis and imposed sanctions against Dahiya and his law firm in the amount of $15,000 ("Sanction Order").  *See In re Khan*, 2013 WL 920825, at *16, 18 (Bankr. E.D.N.Y. Mar. 11, 2013).  The sanctions are to be paid to the Trustee in three installments of $5,000, to be received by April 15, 2013, May 15, 2013, and June 17, 2013.

On April 10, 2013, Dahiya, on behalf of Defendant, filed an Order to Show Cause in this Court seeking a preliminary injunction to stay the adversary proceeding in the Bankruptcy Court and enjoin the Bankruptcy Court's March 11, 2013 Sanction Order pending resolution of the withdrawal of reference motions.[4]

## DISCUSSION

### A.    Legal Standard

While district courts have original jurisdiction over bankruptcy cases, *see* 28 U.S.C. § 1334(a), each district court may refer "any or all" bankruptcy proceedings "to the bankruptcy judges for the district."  28 U.S.C. § 157(a).  The United States District Court for the Eastern District of New York has referred all bankruptcy cases to the bankruptcy courts in the district pursuant to 28 U.S.C. § 157(a).  *See* Eastern District Administrative Order 264 (1986).

District courts have broad authority to withdraw the referral in individual cases under 28 U.S.C. § 157(d), which provides for discretionary withdrawal by the district court for cause shown: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).[5]  In determining whether the reference to the bankruptcy court should be withdrawn permissively, the court should consider the following factors: "(1) whether the bankruptcy court has constitutional authority to enter a final decision; (2) judicial economy; (3) uniformity in bankruptcy administration; (4) economical use of debtors' and creditors' resources;

---

[4] The Court notes that the Order to Show Cause was filed at 7:07 p.m. on April 10, 2013, barely two business days before the first payment is due pursuant to the Sanction Order, and thirty (30) days after the issuance.  This is yet another instance of Dahiya's dilatory tactics.

[5] Section 157(d) also provides for mandatory withdrawal, which is neither at issue nor relevant here: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  *See In re Copperfield Invs., LLC*, 2008 WL 4449413, at *4 (E.D.N.Y. Sept. 29, 2008).

(5) reduction of forum shopping and confusion; (6) expediting the bankruptcy process; and (7) the presence of a jury demand." *Nisselson v. Salim*, 2013 WL 1245548, at *3 (S.D.N.Y. Mar. 25, 2013). This analysis reflects the recognition that the U.S. Supreme Court's decision in *Stern v. Marshal*, 131 S. Ct. 2594 (2011) modified the factors set forth by the Second Circuit in *In re Orion Pictures Corp.*, 4 F. 3d 1095 (2d Cir. 1993)[6] such that the distinction between core and non-core proceedings is no longer dispositive as to whether the bankruptcy court may enter a final judgment.

In *Stern v. Marshal*, the Supreme Court held that the bankruptcy court does not have constitutional authority under Article III to enter a final judgment in a core proceeding when the following conditions are met: (1) the claim at issue does not fall within the public rights exception; (2) the claim would not necessarily be resolved in ruling on a creditor's proof of claim; and (3) the parties did not unanimously consent to final adjudication by a non-Article III tribunal. *Stern*, 131 S. Ct. at 2608, 2614, 2618; s*ee also In re Lyondell Chem. Co.*, 467 B.R. 712, 719-20 (S.D.N.Y. 2012) (applying these three factors in deciding motion to withdraw bankruptcy reference).

Applying *Stern*, courts in this Circuit recognize that the private nature of a claim may warrant permissive withdrawal of the reference, even if adjudication of the claim would be a core proceeding under the terms of Section 157(b). Thus, when determining a withdrawal of reference post-*Stern*, courts must not limit their inquiry to whether the proceeding is core or non-core, but rather must determine whether constitutional authority exists to enter a final judgment. "Though the core/non-core distinction remains a starting point, after *Stern* it no longer ends the

---

[6] Prior to *Stern*, courts in the Second Circuit used the following factors to determine whether the reference to the bankruptcy court should be removed permissively: "whether the claim or proceeding is core or non-core, whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *In re Orion Pictures Corp.*, 4 F. 3d at 1101.

analysis." *In re Madison Bentley Assocs., LLC*, 474 B.R. 430, 438 (S.D.N.Y. 2012); *see also In re Lehman Bros. Holdings Inc.*, 480 B.R. 179, 188 (S.D.N.Y. 2012) ("[I]n evaluating a motion to withdraw post-*Stern*, the principal question is no longer whether the claim in question is 'core' or 'non-core' pursuant to the Bankruptcy Code but whether the bankruptcy court has constitutional authority to enter final judgment on the claims at issue.").

**B.      Motion to Withdraw the Reference of the Adversary Proceeding**

Based upon an analysis of the factors articulated by the Second Circuit in *Orion*, as modified by *Stern*, this Court concludes that permissive withdrawal of the reference of the adversary proceeding is not appropriate here.

1.      The Bankruptcy Court's Authority to Enter a Final Adjudication

A bankruptcy court has final adjudicative authority over a core claim, if the claim falls under one of the three exceptions pursuant to *Stern*: (1) the public rights exception; (2) the claim is resolved in ruling on a creditor's proof of claim; or (3) the parties unanimously consent to bankruptcy court jurisdiction. *In re Lyondell*, 467 B.R. at 720-21.

Here, the adversary proceeding is based on a fraudulent conveyance action. Therefore, the adversary proceeding is a core proceeding, but it does not fall under the "public rights" exception to *Stern*. 28 U.S.C. § 157(b)(2)(H) ("proceedings to determine, avoid, or recover fraudulent conveyances" are included in the enumerated list of proceedings that Congress deemed core and over which bankruptcy courts have jurisdiction); *Stern*, 131 S. Ct. at 2614 (discussing *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 55-56 (1989), where the Court held a bankruptcy trustee's right to recover a fraudulent conveyance is "more accurately characterized as a private rather than a public right"); *McCord v. Papantoniou*, 316 B.R. 113, 121 (E.D.N.Y. 2004) (collecting cases of courts holding that fraudulent conveyance actions are core

proceedings).  There is an "emerging consensus" in this circuit post-*Stern* that "the Bankruptcy Court does not ordinarily have constitutional authority to enter a final decision on avoidance claims because, although they may be core bankruptcy matters, they concern private rights." *Nisselson*, 2013 WL 1245548, at \*3-4 (quoting *Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2013 WL 67605, at \*1 (S.D.N.Y. Jan. 4, 2013)).

The second *Stern* exception is not applicable here as Defendant has not filed a proof of claim against the estate to be resolved in connection with this adversary proceeding.

The final *Stern* exception is whether Defendant has consented to final adjudication by the Bankruptcy Court.  Prior to *Stern*, "[a] defendant who file[d] a counterclaim in a bankruptcy proceeding [was] deemed to have consented to the bankruptcy court's jurisdiction and waived any demand for a jury trial in the district court."  *McCord*, 316 B.R. at 124 n.15 (citing *Granfinanciera*, 492 U.S. at 58).  After *Stern*, "certain counterclaims are exempted from the province of the bankruptcy court."  *Nisselson*, 2013 WL 1245548, at \*3-4 (citing *Stern*, 131 S. Ct. at 2614, 2620).  In *Nisselson*, the Court held that defendants' abuse of process counterclaim was not "sufficient to imply consent" to the bankruptcy court's jurisdiction in light of *Stern*, particularly where defendants expressly disclaimed in their amended answer that they were submitting to the jurisdiction of the bankruptcy court or waiving Article III adjudication. Similarly, here, Defendant states in his Answer that he is not submitting to the jurisdiction of the Bankruptcy Court, even though he asserts counterclaims against the Trustee.  (Trustee Opp. Mem., Ex. C, Answer at 1.)  "The test for consent is strict . . . .  Mere implied consent 'appears to be insufficient.'"  *In re Madison Bentley Assocs., LLC*, 474 B.R. 430, 436-37 (S.D.N.Y. 2012) (quoting *In re Lyondell*, 467 B.R. at 722.)  Therefore, the adversary proceeding does not fall within any of the *Stern* exceptions and the Bankruptcy Court may not enter a final decision.

However, courts in this circuit have held that the Bankruptcy Court may "nonetheless hear the case in the first instance and recommend proposed findings of fact and conclusions of law" and, therefore, the district court need not withdraw a case referred to the Bankruptcy Court "for cause shown" before the Bankruptcy Court makes its report and recommendation.  *Investor Prot. Corp.*, 2013 WL 67605, at *1 (collecting cases).  The December 5, 2012 Standing Order, *In the Matter of the Referral of Matters to the Bankruptcy Judges* issued in this District is consistent with these conclusions:

> "[I]f a bankruptcy judge or district judge determines that a bankruptcy judge cannot enter a final order or judgment consistent with Article III of the United States Constitution in a particular proceeding referred under this order and designated as core under section 157(b) of title 28, unless the district court orders otherwise, the bankruptcy judge shall hear the proceeding and submit proposed findings of fact and conclusions of law to the district court."

December 5, 2012 Standing Order, *In the Matter of the Referral of Matters to the Bankruptcy Judges* issued in the Eastern District of New York.  Furthermore, permissive withdrawal of the reference may not be appropriate where "considerations of efficiency and uniformity counsel in favor of permitting the Bankruptcy Court to issue proposed findings of fact and conclusions of law.  *Investor Prot. Corp.*, 2013 WL 67605, at *9 (collecting cases).

2.   Judicial Economy

Considerations of judicial efficiency, economical use of the parties' resources, forum shopping, and expediting the bankruptcy proceeding weigh heavily against withdrawing the reference here.  "[A]s a general matter, the Bankruptcy Court is more familiar with avoidance claims," as they are core proceedings and customarily adjudicated by bankruptcy courts. *Nisselson*, 2013 WL 1245548, at *6.  The Second Circuit has cautioned that "hearing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues."  *In re Orion Pictures*

*Corp.*, 4 F. 3d at 1101.  This warning is particularly apt here, where the Bankruptcy Court has administered the adversary proceeding for approximately a year and half, oversaw discovery, held hearings and decided the related sanctions motion, and is more intimately familiar with the facts, circumstances, and legal issues surrounding the Debtor's bankruptcy case and the adversary proceeding.  *See In re Lyondell*, 467 B.R. at 723-24 (denying motion to withdraw the reference where bankruptcy court had overseen discovery and begun work on several motions).

Moreover, Defendant willfully and needlessly protracted the litigation by raising baseless counterclaims, responding late to court orders, failing to respond to discovery requests, making multiple adjournment requests, and refusing to participate in the evidentiary hearing on the sanctions motion before the Bankruptcy Court.  Defendant cannot be permitted to shop for a new forum merely because his attempts to obstruct the Bankruptcy Court process failed.  Accordingly, it would be more efficient for the Bankruptcy Court to propose findings of fact and conclusions of law in the first instance than withdraw the reference at this stage.

3.    Demand for Jury Trial

Lastly, Defendant's belated demand for a jury trial does not require a withdrawal of the reference.  Federal Rule of Bankruptcy Procedure 9015 makes applicable Federal Rule of Civil Procedure 38.  Rule 38(b) provides that a party may demand a trial jury by: "(1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served" and "(2) filing the demand in accordance with Rule 5(d)."  Fed. R. Civ. P. 38(b).  Furthermore, Rule 38(d) provides that: "[a] party waives a jury trial unless its demand is properly served and filed."

Defendant's demand for a jury trial was not timely.  Notably, Defendant also did not serve the written demand on Plaintiff.  In the adversary proceeding, the summons was issued on

December 5, 2011, and the summons and complaint were served on December 7, 2011.  A demand for a jury trial would have been timely had it been made prior to the date the answer was due, January 4, 2012.  Defendant did not timely file an answer.  The Bankruptcy Court generously extended Defendant's time to file an answer until January 31, 2012, despite Defendant's late request for a deadline extension.  Despite having received the extension he requested, Defendant again failed to file an answer timely and, on February 7, 2012, filed an answer with a demand for jury trial.  Accordingly, Defendant did not make a valid demand for a jury trial.

Moreover, Defendant never served the answer on Plaintiff as required by Rule 38(b)(1).  Rule 38(b) mandates a timely, written notice of the jury demand to the court and other parties.  *Palmer v. Angelica Healthcare Serv. Group, Inc.*, 170 F.R.D. 88, 90 (N.D.N.Y. 1997) (citing *Wright v. Lewis*, 76 F. 3d 57, 59 (2d Cir. 1996); *Favors v. Coughlin*, 877 F. 2d 219, 220 (2d Cir. 1989)).  Notwithstanding Rule 38, if a jury trial is not properly demanded, Rule 39 provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  Instead of seeking leave to file an untimely demand for a jury trial under Rule 39, Defendant unilaterally filed the demand.  Furthermore, Defendant provided no explanation as to why he untimely filed the jury demand.  *See Power v. Tyco Intern. (US), Inc*., 2006 WL 1628588, at *2 (S.D.N.Y. June 13, 2006) ("mere inadvertence of counsel [is] not an adequate basis for allowing an untimely filing of a jury trial notice") (citing *Cascone v. Ortho Pharm Corp.*, 702 F. 2d 389, 390 (2d Cir. 1983)).

Accordingly, withdrawal of the reference is neither required nor warranted.

## C.      Motion to Withdraw the Reference of the Sanctions Motion

Dahiya and Defendant moved to withdraw the reference to the Bankruptcy Court of the sanctions motion the Trustee brought against Dahiya in the adversary proceeding, claiming that the Bankruptcy Court did not have jurisdiction under 28 U.S.C. § 1927 to impose sanctions and, therefore, the sanctions proceeding should be heard before an Article III judge.

As an initial matter, bankruptcy courts may impose sanctions pursuant to 28 U.S.C. § 1927. *Matter of Cohoes Indus. Terminal, Inc.*, 931 F. 2d 222, 230 (2d Cir. 1991); *see also In re Plumeri*, 434 B.R. 315, 327-28 (S.D.N.Y. 2010) ("Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients. [The] court's inherent power to sanction derives from the fact that courts are vested, by their very creation, with power to impose silence, respect, and decorum[ ] in their presence, and submission to their lawful mandates." (internal quotations and citations omitted)).    Furthermore, pursuant to Bankruptcy Rule 5011(c), "the filing of the motion for withdrawal . . . shall not stay the administration of the case or any proceeding therein before the bankruptcy judge. . . ." Fed. R. Bankr. P. 5011(c).  Accordingly, the pendency of the withdrawal of reference motions before this Court is not a basis for requiring the stay of any sanctions proceeding before the Bankruptcy Court.  Moreover, Defendant should have sought a stay of the sanctions proceeding when the motion was made initially and not waited until thirty (30) days after the Sanction Order was issued.

After holding hearings and considering legal briefs, the Bankruptcy Court granted the sanctions motion on March 11, 2013.[7]  As the sanctions motion has been decided, Defendant's

---

[7] The Court is concerned by Dahiya's and his law firm's misconduct before the Bankruptcy Court that led to the imposition of sanctions in this matter.  It is clear from the record and from other matters litigated by Dahiya and his law firm before this Court that this behavior is part of a consistent pattern of misconduct and poor judgment.  (*See, e.g.*, June 13, 2012 Tr. 11:17-22, 26:18-27:4, 27:13-20; *Koutsagelos v. DeRosa*, 12-CV-2365 (DLI) (June 14, 2012

motion to withdraw the reference of the sanctions proceedings is denied as moot.  Notably, as the basis for Defendant's withdrawal of reference as to the sanctions motion is the same as that for his other motion for withdrawal of reference discussed above, the motion would have been denied for the same reasons already articulated *supra*.

Accordingly, the motion to withdraw the reference of the sanctions motion is denied.

## **CONCLUSION**

For the reasons set forth above, Defendant's and Dahiya's motions to withdraw the reference of the adversary proceeding and the sanctions motion are denied.  In addition, Defendant's Order to Show Cause for a preliminary injunction staying the adversary proceeding and enjoining the Sanction Order is denied as moot.

SO ORDERED.

Dated: Brooklyn, New York
        April 15, 2013

_____
            /s/
DORA L. IRIZARRY
United States District Judge

---

Order); *In re Chatkhan*, 12-CV-3195 (DLI) (Mar. 20, 2013 Order).)  Such behavior has not only protracted the adversary proceeding, but also has had negative effects on the effective use of scarce court and trustee resources, and on Dahiya's clients.  The Court questions the competency of this attorney and his firm to continue practicing law in this District and expects the attorney to heed the Bankruptcy Court's thoughtful advice and seek assistance before taking on new clients and cases.  (*See* June 13, 2012 Tr. 22:10-23:4, 38:19-25.)